STATE OF MICHIGAN
IN THE 30™ CIRCUIT COURT FOR THE COUNTY OF INGHAM

CHRISTIAN T. REINHARDT, IV,

    Plaintiff,

File No. 04- 1050-C2

v

Honorable PAULA J.M. MANDERFIELD

DYNAMIC NETWORK SERVICES,
INC., a Delaware corporation doing
business in Michigan, DYNAMIC DNS
NETWORK SERVICES, LLC, a
Delaware limited liability company,
TIMOTHY J. WILDE, JEREMY
HITCHCOCK and THOMAS DALY,

    Defendants.

---

John C. Schlinker (P43188)
Lee B. Reimann (P51895)
Willingham & Coté, P.C.
Attorneys for Plaintiff
333 Albert Avenue, Suite 500
East Lansing, Michigan 48823-4394
517-351-6200 / FAX 517-351-1195

---

## BRIEF IN SUPPORT OF REQUEST FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

### I.

### FACTS AND ARGUMENT

The facts of this case start with a classic entrepreneurial success story. In spring 2000, Christian T. Reinhardt, IV, then a student at Michigan State University, created a computer program while living at 315 Abbott that converts names to internet protocol addresses. The program is called Custom DNS. The creation had immediate commercial viability and along with his friend, Timothy Wilde, he went in to business as Dynamic DNS

Network Services, LLC. On July 31, 2003, the LLC was acquired by a corporation the two formed: Dynamic Network Services, Inc. (DNS, Inc.).

After the formation of DNS, Inc. the shares of DNS, Inc. were allocated as follows:

| | |
|---|---|
| Christian T. Reinhardt, IV | 36% |
| Timothy Wilde | 36% |
| Jeremy Hitchcock | 14% |
| Thomas Daly | 14% |

Each of the four stockholders was an employee of DNS, Inc. The four entered into a Stockholder's Agreement that called for corporate acquisition of each individual's shares if the individual was terminated from employment.

Recently, another internet services company, Dotster, Inc., made an offer to purchase DNS, Inc. for $25 million. That's when the classic American business greed story began. Wilde, Hitchcock and Daly conspired to terminate Reinhardt in order to acquire his portion of the anticipated $25 million payday. This is an outrageous act of greed on its face, but if you factor in that Reinhardt is the one that created the program that allowed the stockholders to accumulate wealth, the actions of Wilde, Hitchcock and Daly become truly despicable.

The Stockholder's Agreement (Exhibit 2 attached to the Verified Complaint) requires DNS, Inc. to have just cause to terminate Reinhardt. No just cause is referenced in the termination letter of July 23, 2004, and other than greed, no cause exists. At trial, Reinhardt will prevail on the just cause issue as a matter of law.

Reinhardt will also be irreparably harmed if his stock ownership is transferred because the sale to Dotster, Inc. may be imminent. In addition, Reinhardt never transferred his intellectual property rights to the Custom DNS program to DNS, Inc. and if DNS, Inc.

2

discloses that information to Dotster, Inc., the value of Reinhardt's property will be irreparably harmed. Defendants, on the other hand, are not harmed at all by issuance of a Temporary Restraining Order. See *Addison Twsp v Dept of State Police*, 220 Mich App, 550 (1997). A Temporary Restraining Order must issue immediately to prevent irreparable harm to Plaintiff.

                                                    Respectfully Submitted
                                                    Willingham & Cote', P.C.
                                                    Counsel for Plaintiff

Dated: July 26, 2004                            By: _____
                                                    John Schlinker (P43188)
                                                    Lee B. Reimann (P51895)
                                                    333 Albert, Ste. 500
                                                    East Lansing, MI 48823
                                                    517-351-6200/FAX 517-351-1195